**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

CHRISTOPHINA LYNCH,                     *

      Plaintiff,                     *

    v.                                             *          Civil Action No. 8:21-cv-0119-PX

UNITED STATES PHARMACOPEIAL          *
CONVENTION,
                                               *

      Defendant.

                             ***

<u>**MEMORANDUM OPINION**</u>

On January 13, 2021, Plaintiff Christophina Lynch ("Lynch") brought this action against former employer United States Pharmacopeial Convention ("USP") for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3.  *See* ECF No. 1.  Lynch attempted service on January 16, 2021 via certified mail.  ECF No. 5.  She sent the Complaint and summons materials to USP at its headquarters in Maryland but did not specify any particular individual to accept service or select the "Adult Signature Restricted Delivery" option.  *Id.*  Lynch filed with the Court her return receipt and a delivery summary but did not include an accompanying affidavit as proof of service.  *Id.*  USP admits that it received the Complaint and summons, which were delivered to USP on January 27, 2021 and accepted by USP Receiving Specialist Grant Perry.  ECF No. 6-2 at 3.  USP now moves to dismiss due to insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) or alternatively quash service.  ECF No. 6; ECF No. 9 at 1.

    **I.**       **Analysis**

When a defendant challenges service of process, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4" of the Federal Rules of Civil Procedure.

*O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (citation omitted); *see also* Fed. R. Civ. P. 4(*l*)(1). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *O'Meara*, 464 F. Supp. 2d at 476 (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).  The "plain requirements for the means of effecting service of process," however, "may not be ignored." *Armco*, 733 F.2d at 1089.

Lynch attempted to serve USP by mail.  ECF No. 5.  Rule 4 of the Federal Rules of Civil Procedure does not directly provide for service by mail but does authorize service upon a corporation by any means allowed by the state where the district court is located or the state where service is to be effectuated.  *See* Fed R. Civ. P. 4(h)(1)(A).  The Maryland Rules, in turn, permit service on corporations in person, by mail, or, in some circumstances, through substituted service upon the State Department of Assessments and Taxation ("SDAT").  *See* Md. Rules 2–121(a); 2–124(d); 2–124(o).

Under the Maryland Rules, a corporation's "resident agent, president, secretary, or treasurer" is authorized to accept service.  Md. Rule 2–124(d).  If a corporate defendant "has no resident agent, or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id.*  Service by mail is effectuated "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail," and requesting "Restricted Delivery," i.e., "show[ing] to whom, date, [and] address of delivery." Md. Rule 2–121(a)(3).

2

Once a defendant is properly served, the plaintiff must submit valid proof of service to the Court. *See* Fed. R. Civ. P. 4(*l*)(1). Unless service is made by a United States marshal or deputy, such proof is submitted by process-server affidavit. *Id.*

It is undisputed that Lynch's attempt at serving USP was deficient under Maryland law. ECF No. 6-1 at 4; ECF No. 8 at 5. Lynch did not direct service to an USP official authorized to accept service, nor did she select the restricted delivery option to ensure that one of those individuals signed for the delivery. ECF No. 5; Md. Rule 2–121(a)(3); Md. Rule 2–124(d). Lynch's proof of service is also deficient because she did not submit to the Court a process server affidavit. ECF No. 6-1 at 4; Fed. R. Civ. P. 4(*l*)(1).

Although this Court retains broad discretion to either quash service or dismiss the complaint, USP objects to the Court allowing Lynch, who is represented by counsel, another opportunity to perfect service. ECF No. 9 at 2. USP pays little mind to the Fourth Circuit's guidance in this regard. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983). As the Court has made clear, where "the first service of process is ineffective, a motion to dismiss should not be granted." *Id.* (quoting *Bailey v. Boilermakers Local 667 of Int'l Bhd. of Boilermakers*, 480 F. Supp. 274, 278 (N.D. W.Va. 1979)). Instead, a district court should "treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service." *Id.* (citation omitted); *see also Marshall v. Marshall's TJX Companies, Inc.*, No. WMN–15–555, 2015 WL 4757169, at *2 (D. Md. Aug. 11, 2015); *Gray v. Allied-Waste Servs. of Washington*, No. RWT-11-1612, 2012 WL 2871422, at *4 (D. Md. July 11, 2012). If "there is no prejudice to the defendant and 'there exists a reasonable prospect that service may yet be obtained,' dismissal is inappropriate and courts have generally allowed the plaintiff another opportunity to effect service." *Grant v. Prince George's Cty. Dep't,*

No. DKC-15-2433, 2016 WL 3541239, at *4 (D. Md. June 29, 2016) (quoting *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir. 1992)); *cf. Morgan Stanley v. Babu*, 448 F. Supp. 3d 497, 510 (D. Md. 2020).  Because USP received the Complaint and summons, thereby receiving actual notice of the claims, and the deficiencies in service can be rectified easily, the Court will quash service.  The Court grants Lynch forty-five days from the date of this Opinion and Order to cure the identified deficiencies in service and file with the Court valid proof of the same.

**II.      Conclusion**

For the foregoing reasons, Defendant USP's motion, construed as a motion to quash process, will be granted, and Lynch will have an additional 45 days to properly serve Defendant USP and submit valid proof of service to this Court.  ECF No. 6.

A separate Order follows.

___5/26/21_____                                _____/S/_____
Date                                                           Paula Xinis
                                                                 United States District Judge